# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY LEROY OYLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-861-F |
| PAYNE COUNTY JAIL, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, an Oklahoma state prisoner appearing pro se and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred this action to the undersigned for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this case be **DISMISSED with LEAVE TO AMEND.**

## I. BACKGROUND

Plaintiff is currently incarcerated in the Oklahoma State Reformatory in Granite, Oklahoma. However, his action concerns events occurring during his detention at the Payne County jail. ECF No. 1:1-2. In his complaint, he alleges that black mold is growing in the cells and showers at the jail, and that rust is on the bunks and the vents

over the bunks. ECF No. 1:2. He alleges that the rust is falling from the vents onto the inmates' faces and eyes. ECF No. 1:2. He claims that legal mail is kept away from the inmates, and that they are told they will not receive it until they get out of jail. ECF No. 1:2. He claims that "the mail they will take it Back and rip it up in front of you and laugh at you." ECF No. 1:2. He claims that black mold is growing in "Pod D over cells 201 [and] 205." ECF No. 1:2. He claims that soap, toothpaste, and some towels were taken during a shakedown. ECF No. 1:2. He claims that green mold and rust is by the showers. ECF No. 1:2. He also alleges "slander is saying that all of us should die and we are a piece of crap and call us names also." ECF No. 1:2. He claims that "they" are calling him a child molester. ECF No. 1:2.

In Count I of the Complaint, Plaintiff alleges slander. In support, he claims that "the jailer's go around calling us name's and saying that we should Die and that we are not good people and that we are just a piece of crap and call us Dog's and every thing." ECF No. 1:3. He claims that "they" are saying he is a big drug dealer, a rapist, and a child molester. ECF No. 1:3.

In Count II, he alleges that the jail is holding legal mail and tampering with the mail. ECF No. 1:3. In support, he alleges that the jailers take the legal mail and place it with personal belongings and will not allow it to be seen until "you" get out of jail. ECF No. 1:3. He claims that mail is taken back and ripped up in front of "you" while "they" laugh about it. ECF No. 1:3. He claims that any pictures received in the mail are thrown away in the trash. ECF No. 1:3.

In Count III, Plaintiff alleges health problems or refused medical treatment. ECF No. 1:4. In support, he states: "when I was in Payne Count[y] jail I was refused medical treatment due to black mold growing in the jail" and "chest pains and trouble breathing and it seems that they didn't care about it or me." ECF No. 1:4. He further alleges he could have died in the care of the jail, and that rust fell in his eyes every morning from the air vents above the bunks. ECF No. 1:4.

He claims that he sought administrative remedies in the form of requests to staff, but he either never received anything back or they were torn up in front of him. ECF No. 1:5. He further alleges that he asked to speak to the supervisor or person in charge but was never able to talk to them. ECF No. 1:5.

He seeks relief in the form of damages in the amount of $5,000,000 for not getting medical treatment, slander, ripping up mail, and inability to take a shower because "they" took the soap. ECF No. 1:5.

## II. DISCUSSION

Although Plaintiff is now in state custody at a facility operated by the Oklahoma Department of Corrections, he does not state whether the events that he alleges occurred while he was housed in the Payne County jail occurred while he was a pretrial detainee, a state prisoner, or both. However, under "the Fourteenth Amendment due process clause, 'pretrial detainees are ... entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth

3

Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake Cnty.*, 768 F.2d 303, 307 (10th Cir. 1985)).

A district court has an obligation to screen cases for merit under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under these provisions, a court shall dismiss the case if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See e.g. Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

Rule 8(a) of the Federal Rules of Civil Procedure informs the inquiry required when screening a complaint. Rule 8 requires a complaint to set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought. A pleading must include facts sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). A complaint must also contain sufficient factual allegations to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

### A. The Payne County Jail is not a Suable Entity.

Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued be determined by the law of the state in which the district court is located. In Oklahoma, each organized county can sue and be sued through its board of county commissioners. Okla. Stat. tit. 19, § 1–3. A lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4.

Because a county jail in Oklahoma is a subdivision of the county in which it is located, and has no separate legal identity under Oklahoma law, the undersigned finds that the Payne County jail lacks the capacity to be sued. *Aston v. Cunningham,* No. 99–4156, 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"). It is therefore recommended that the action against the Payne County jail be dismissed with leave to amend. *See Oliver v. Garfield Cnty. Det. Facility*, CIV-10-1281-R, 2012 WL 668802 (W.D. Okla. Feb. 8, 2012) (Roberts, M.J.) *Report and Recommendation adopted,* CIV-10-1281-R, 2012 WL 668811 (W.D. Okla. Feb. 29, 2012) (Russell, D.J.).

### B. The Complaint Currently Before the Court Fails to Give Fair Notice of Plaintiff's Claims.

"[T]o state a claim in federal court, a complaint must explain what each defendant did ...; when the defendant did it; how the defendant's action harmed [the plaintiff], and what specific legal right the plaintiff believes the defendant violated."

*Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and 8(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As it stands now, Plaintiff has failed to satisfy this requirement.

Any proposed amended complaint shall be submitted on the court's form, and clearly labeled as the "First Amended" complaint. The plaintiff may not incorporate by reference his original Complaint into the proposed amended complaint. The proposed amended complaint must stand alone; it must contain *all* of the plaintiff's claims. *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Each count shall state which defendant(s) the claim is brought against, allege facts sufficient to state a claim for relief against each defendant, how those acts affected Plaintiff, and when the acts complained of occurred. The latter is of particular importance because the publically-available docket sheet for the Payne County case which resulted in Plaintiff's current incarceration indicates that he has been detained in the Payne County jail on more than one occasion. Oklahoma State Courts Network,

Docket Sheet CF-2011-767, District Court of Payne County, Oklahoma, [http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=246344&db=Payne](http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=246344&db=Payne) (accessed Oct. 16, 2014).

## RECOMMENDATION

In light of the foregoing, it is recommended that this action be summarily **DISMISSED with LEAVE TO AMEND.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 3, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter unless and until the matter is re-referred.

**ENTERED** on October 17, 2014

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE